CURTIS HENRY RUSS

NAME V-58848

PRISON NUMBER

PVSP. P.O. BOX 8504

CURRENT ADDRESS OR PLACE OF CONFINEMENT

COALINGA, CA. 93210

CITY, STATE, ZIP CODE

| 2254 | 1983 |
|------|------|
| FILING FEE PAID | |
| Yes ___ No ✓ | |
| IFP MOTION FILED | |
| Yes ___ No ✓ | |
| COPIES SENT TO | |
| Court ___ ProSe | |

```
FILED

APR 14 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  KYO          DEPUTY
```

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

CURTIS HENRY RUSS

(FULL NAME OF PETITIONER)

PETITIONER

v.

JAMES YATES, Warden

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

The Attorney General of the State of
California, Additional Respondent.

Civil No. '08 CV 0679 DMS WMc

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   Superior Court In And For Riverside California.

2. Date of judgment of conviction: 02/25/04

3. Trial court case number of the judgment of conviction being challenged: SWF007249
   & SWC000092

4. Length of sentence: 13 years & 8 months.

CIV 68 (Rev. 11/98)                                    K:\COMMON\FORMS\CIV-68.

CR

5. Sentence start date and projected release date: _____09/01/04. Half or 85 percent_____ of 13 years & 8 months.

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _Gross vehicular_ manslaughter; DuI Bodily Injury; Inflict Great Bodily Injury[Evident

Exhibits D].

7. What was your plea? (CHECK ONE)
    (a) Not guilty    ☐
    (b) Guilty    ☒
    (c) Nolo contendere    ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a) Jury    ☐
    (b) Judge only    ☐

9. Did you testify at the trial?
    ☐ Yes  ☒ No

### DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☐ Yes  ☒ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: _____
    (b) Date of result, case number and citation, if known: _____

        _____

    (c) Grounds raised on direct appeal: _____

        _____

        _____

        _____

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: _____
    (b) Date of result, case number and citation, if known: _____

        _____

    (c) Grounds raised: _____

        _____

        _____

        _____

CIV 68 (Rev. 11/98)               -2-               K:\COMMON\FORMS\CIV-68.

**13.** If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a)  Result: _____

    (b)  Date of result, case number and citation, if known: _____

    _____

    (c)  Grounds raised: _____

    _____

    _____

    _____

## COLLATERAL REVIEW IN STATE COURT

**14.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☒ Yes  ☐ No

**15.** If your answer to #15 was "Yes," give the following information:

    (a)  **California Superior Court** Case Number: SWF007249 & SWC000092

    (b)  Nature of proceeding: HABEAS CORPUS

    (c)  Grounds raised: Plea Entered Unknowingly, Unintelligently & by way of Coercion; Ineffective Assistance Of Counsel; Cruel & Unusual Punishment; Prosecutor Misconduct.

    (d)  Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☒ No   DENIED

    (e)  Result:

    (f)  Date of result: 03/29/06

**16.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☒ Yes  ☐ No

**17.** If your answer to #17 was "Yes," give the following information:

    (a)  **California Court of Appeal** Case Number: E040935

    (b)  Nature of proceeding: HABEAS CORPUS

    (c)  Grounds raised: Ibid

CIV 68 (Rev. 11/98)

K:\COMMON\FORMS\CIV-68.

(d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☒ No

(e) Result: _____ DENIED _____

(f) Date of result: _____ 08/01/06 _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☐ Yes  ☒ No

19. If your answer to #19 was "Yes," give the following information:

(a) **California Supreme Court** Case Number: S146940

(b) Nature of proceeding: _____ HABEAS  CORPUS _____

(c) Grounds raised: _____ Ibid _____

_____

_____

_____

(d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☒ No

(e) Result: _____ DENIED _____

(f) Date of result: _____ 06/13/07 _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court** containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?

☒ Yes ☐ No    (IF "YES" SKIP TO #11)

(a)  If no, in what federal court was the prior action filed? _____

(i) What was the prior case number? _____

(ii) Was the prior action (CHECK ONE):

☐ Denied on the merits?

☐ Dismissed for procedural reasons?

(iii) Date of decision: _____

(b)  Were any of the issues in this current petition also raised in the prior federal petition?

☐ Yes ☐ No

(c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?

☒ Yes ☐ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: PLEA ENTERED UNKNOWINGLY & UNINTELLIGENTLY; AMOUNTING TO DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS.

[U.S. CONST. AMEND. 14].

Supporting FACTS (state *briefly* without citing cases or law) On 03/25/04, a felony complaint was filed, accusing petitioner of a violation of penal code, sect. 191.5(a), in that he caused the death of Anita Barnes while operating a veh. in a gross negligent manner. In a seperate count, petitioner was accused of driving under the influence and causing injury to Michelle Westgard (Veh. Code, § 23153(a).) The manslaughter offense provided for a four, six, or ten year sentence. The driving under the influence offense provided for a sixteen month, two, or three year term. The great bodily injury enhancement required a three year additional term. (Pen. Code, § 12022.7(a).) All latter charges were consequental acts of the principle act of Gross Vehicular Manslaughter while Intoxicated.[Evident Exhibits B].

The Deputy District Attorney offered petitioner a plea bargain whereby he would plead guilty and recieve a ten year, eight month sentence. Petitioner rejected this offer, believing the nature of the offense and the substantial mitigation factors did not warrant that length of a sentence. Subsequently, Deputy District Attorney responded by filing an Amended felony complaint, accusing petitioner of implied malice murder of Anita Barnes (Pen. Code, §188).

There were multiple circumstances in this case, which resulted in an involuntary, unknowing, and unintelligent plea. Petitioner was scared by the overcharging of the offense, driven by his rejection of the plea offer.

Did you raise GROUND ONE in the California Supreme Court?
☒ Yes ☐ No.

CIV 68 (Rev. 11/98)                    -6-                    K:\COMMON\FORMS\CIV-68.

Petitioner was vulnerable to coercion by the prosecution and defense counsel because he feared a life sentence and defense counsel appeared to be hell bent on pressuring petitioner into entering a plea. Petitioner had no previous experience in the criminal system and was not explained the relevant laws in relation to the facts. Petitioner was not apprised of any counterattack to prosecutor intent on overcharging and coercing an erroneous plea to two strike offenses, which guaranteed a life sentence in the future for any felony.

Because of defense counsel's failures petitioner entered into the plea bargaining process uninformed, and vulnerable to undue pressure. Defense counsel failed to apprise petitioner that state & Constitutional law required a jury to determined a high term of ten years, rather than on the court and prosecutor whims. Had defense counsel apprised petitioner that the law in relation to the facts of the case prohibited prosecutor from erroneously Amending the case to what would amount to a second degree murder charge, and using such erroneous Amendment as coercive tactic aiming to induce the plea, petitioner would not have entered instant plea. [Evident Exhibit C. Affidavit of Curtis Henry Russ].

In addition, at no time was petitioner apprised that his plea would be a waiver of future work time half time credits. Petitioner was under the impression that he was entitled to half time credits once enrolled in a educational, vocational or job assignment program inside prison. No one explained to petitioner otherwise prior to his enterence of the plea. However defense counsel had mentioned that California prisoners generally recieve half time once in the prison system and enrolled in an educational, vocational or job placement program. Petitioner would not have entered the plea had he been apprised of the relative facts in relation to half time availability.

6(b)

**(b) GROUND TWO:** PROSECUTOR MISCONDUCT[Plea Coercion]; Amounting to DEPRIVATION OF MEANINGFUL ACCESS TO THE COURTS And LIBERTY WITHOUT DUE PROCESS[CONST. AMEND. 14].

**Supporting FACTS** (state *briefly* without citing cases or law): Prosecutor agreed that the evidence overwhelmingly concluded that the offense was committed with gross negligence, not with any intent to harm others, when petitioner made a bad judgment and drove his vehicle after ingesting a small amount of drugs hours earlier. [Evident Exhibit B].

The Deputy District Attorney offered petitioner a plea bargain whereby he would plead guilty and recieve a ten year, eight month sentence. Petitioner rejected this offer, believing the nature of the offense and the substantial mitigation factors did not warrant that length of a sentence.

Subsequently, Deputy District Attorney responded by filing an Amended felony complaint, accusing petitioner of implied malice murder of Anita Barnes.

Petitioner believed he would recieve life in prison for second degree murder given he maintained his rejection of aforedescribed plea offer and hence subsequently reluctantly entered a plea against his free will.

**Did you raise GROUND TWO in the California Supreme Court?**
☒ Yes ☐ No.

(c) **GROUND THREE**: INEFFECTIVE ASSISTANCE OF COUNSEL[CONST. AMEND. SIX].

**Supporting FACTS** (state *briefly* without citing cases or law): Defense counsel failed to apprise petitioner of the facts of the case in relation to the law prior to plea.

Defense counsel failed to apprise petitioner that state & Constitutional law required a jury to determine aggravating circumstances before the high term of ten years could be issued. Had petitioner been apprised of the law in relation to such facts of the case he would not had entered the plea, because the prosecutor had already determined that the evidence overwhelmingly concluded that the offense was commited with gross negligence, not with any intent to harm others.[Evident Exhibit B].

Likewise, had defense counsel apprised petitioner that the law in relation to the facts of the case prohibited prosecutor from erroneously Amending the case to what would amount to a second degree murder charge as a coercive tactic aiming to induce plea, petitioner would not have entered instant plea.

At no time did defense counsel apprise petitioner of any tactical defense. He only sought to induce a plea of somesort, although petitioner demanded trial. Petitioner always felt that he was left to defend himself.

In addition, at no time was petitioner apprised that his plea would be a waiver of future work time/half time credits. Petitioner was under the impression that he was entitled to half time credits once enrolled in a educational, vocational or job assignment program inside prison. No one explained to petitioner otherwise prior to his enterance of the plea. However defense counsel had mentionerd that California prisoners generally recieve half time once in the prison system and enrolled in an educational,

**Did you raise GROUND THREE in the California Supreme Court?**

☑ Yes ☐ No.

vocational or job placement program. Petitioner would not have entered the

plea had he been apprised of the relative facts in relation to half time availability.

The plea documents are silent on the matter.[Evident Exhibits D].

8(b)

**(d) GROUND FOUR:** CRUEL & UNUSUAL PUNISHMENT [CONST. AMEND. 8th].

**Supporting FACTS** (state *briefly* without citing cases or law): Petitioner, age 28, was sentenced to the maximun possible sentence for gross negligent manslaughter and for driving under the influence causing injury. The aggravated ten year term was imposed for the manslaughter, as opposed to the potential mitigated term of four years, or the midterm of six years. A consecutive sentence was imposed for the second count. The three year enhancement was imposed for the injury inflicted on the second victim. Because of the enhancement, petitioner has now been convicted of two strikes, which may result in a life sentence if he should be convicted of any felony in the future.

Petitioner only pled guilty and accepted the exorbitant sentence of 13 years and 8 months because prosecutor coerced him with a threat to charge and convict him of second degree murder if he did not.

**Did you raise GROUND FOUR in the California Supreme Court?**
☒ Yes ☐ No.

PRAYER FOR RELIEF

WHEREFORE, Petitioner pray for reliewf as follows:

1) issue a write of habeas corpus, vacating the judgment and resentencing petitioner to the low or mid term of the ten year enhancement, or

2) grant a hearing to determine any disputed facts,

3) Declaratory Judgment Declaring whether or not petitioner is entitled to half time under CDCR work Incentive programs.

4) and to provide any other relief this court deems appropriate.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes   ☒ No

24. If your answer to #23 is "Yes," give the following information:

    (a)  Name of Court: _____

    (b)  Case Number: _____

    (c)  Date action filed: _____

    (d)  Nature of proceeding: _____

    (e)  Grounds raised: _____

                  _____

                   _____

                   _____

    (f)  Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing: _____

    (b)  At arraignment and plea: _____

    (c)  At trial: _____

    (d)  At sentencing: _____

    (e)  On appeal: _____

    (f)  In any post-conviction proceeding: _____

    (g)  On appeal from any adverse ruling in a post-conviction proceeding: _____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☒ Yes ☐ No

**27.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

☐ Yes   ☒ No

(a)  If so, give name and location of court that imposed sentence to be served in the future:

_____

(b)  Give date and length of the future sentence: _____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

☐ Yes   ☐ No

**28.** Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

April 9, 2008
_____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.


_____
SIGNATURE OF ATTORNEY (IF ANY)


I declare under penalty of perjury that the foregoing is true and correct. Executed on


April 9, 2008                          Curtis Russ
_____              _____
(DATE)                                      SIGNATURE OF PETITIONER

# Exhibit A

*PETITION FOR WRIT OF HABEAS CORPUS/POINTS AND AUTHORITIES*



COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

**ORDER**

FILED

AUG 0 1 2006

COURT OF APPEAL FOURTH DISTRICT

In re:

CURTIS HENRY RUSS

on Habeas Corpus.

E040935

(Super. Ct. Nos. SWF007249 &
SWC000092)

The County of Riverside

THE COURT

    The petition for writ of habeas corpus is DENIED.

**HOLLENHORST**

_____

Acting P.J.

cc:    See attached list



S146940

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

In re CURTIS HENRY RUSS on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

JUN 1 3 2007

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE

Chief Justice

# Exhibit B

*PETITION FOR WRIT OF HABEAS CORPUS/POINTS AND AUTHORITIES*

EXTRADITION
APPROVED DISAPPROVED
DDA: _____
AGENCY#: TER040510 RCME

100,000.00
(WARRANT)

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 25 2004

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
(Southwest)

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | D.A.# 167529 |
| Plaintiff, | CASE NO. SWF007249 AR 3/30 |
| CURTIS HENRY RUSS | FELONY COMPLAINT |
| DOB: 11-03-1975 | OTHER FSC 4/8 |
| AKA: CURTIS HENRI RUSS | PX 4/12 R.C.W |
| Defendant. | 0-201 |

COUNT 1

4, 6, 10

The undersigned, under penalty of perjury upon information and belief, declares: That the above named defendant CURTIS HENRY RUSS committed a violation of Penal Code section 191.5(a), a felony, in that on or about February 25, 2004, in the County of Riverside, State of California, he did willfully and unlawfully kill a human being, to wit, ANITA ROSE B., without malice but with gross negligence, as a proximate result of the commission by said defendant of an unlawful act and a lawful act which might produce death in an unlawful manner while driving a vehicle in violation of Vehicle Code sections 23152 and 23153.

It is further alleged that in the same instance of driving as set forth above, the defendant proximately caused bodily injury MICHELLE W., an additional victim, within the meaning of Vehicle Code section 23558.

COUNT 2

16, 8, 3

That the above named defendant CURTIS HENRY RUSS committed a violation of Vehicle Code section 23153, subdivision (a), a felony, in that on or about February 25, 2004, in the County of Riverside, State of California, he did willfully and unlawfully, while under the influence of an alcoholic beverage and a drug and under their combined influence, drive a vehicle and in so driving did an act forbidden by law and neglected a duty imposed by law in the driving of said vehicle, which act and neglect proximately caused ANITA ROSE B. bodily injury to MICHELLE W.

It is further alleged that in the commission of the above offense the said defendant, CURTIS HENRY RUSS, personally inflicted great bodily injury upon Michelle w., not an accomplice to the above offense, within the meaning of Penal Code sections 12022.7, subdivision (a), and 1192.7, subdivision (c), subsection (8).

I declare under penalty of perjury upon information and belief under the laws of the State of California that the foregoing is true and correct.

Dated: March 25, 2004

CGD:mfk                                          Complainant

COUNSEL OF

RW
Exhibit B No conflict Decks

500,000.00

AGENCY#: TER04056203/RSDM

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
(Southwest)

| THE PEOPLE OF THE STATE OF CALIFORNIA, | D.A.# 167529 |
|---|---|
| Plaintiff, | CASE NO. SWF007249 |
| CURTIS HENRY RUSS | A M E N D E D |
| DOB:11/03/1975 | FELONY COMPLAINT |
| AKA:CURTIS HENRI RUSS   Defendant. | |

COUNT 1

The undersigned, under penalty of perjury upon information and belief, declares: That the above named defendant CURTIS HENRY RUSS committed a violation of Penal Code section 187, subdivision (a), a felony, in that on or about February 25, 2004, in the County of Riverside, State of California, he did wilfully, unlawfully, and with malice aforethought murder ANITA ROSE B , a human being.

COUNT 2

The undersigned, under penalty of perjury upon information and belief, declares: That the above named defendant(s) committed a violation of Penal Code section 191.5(a), a felony, in that on or about February 25, 2004, in the County of Riverside, State of California, he did wilfully and unlawfully kill a human being, to wit, ANITA ROSE B., without malice but with gross negligence, as a proximate result of the commission by said defendant of an unlawful act and a lawful act which might produce death in an unlawful manner while driving a vehicle in violation of Vehicle Code sections 23152 and 23153.

It is further alleged that in the same instance of driving as set forth above, the defendant proximately caused bodily injury to MICHELLE W., an additional victim, within the meaning of Vehicle Code section 23558.

COUNT 3

That the above named defendant CURTIS HENRY RUSS committed a violation of Vehicle Code section 23153, subdivision (a), a felony, in that on or about February 25, 2004, in the County of Riverside, State of California, he did wilfully and unlawfully, while under the influence of an alcoholic beverage and a drug and under their combined influence, drive a vehicle and in so driving did an act forbidden by law and neglected a duty imposed by law in the driving of said vehicle, which act and neglect proximately caused ANITA ROSE B. bodily injury to MICHELLE W.

It is further alleged that in the commission of the above offense the said defendant, CURTIS HENRY RUSS, personally inflicted great bodily injury upon Michelle w., not an accomplice to the above offense, within the meaning of Penal Code sections 12022.7, subdivision (a), and 1192.7, subdivision (c), subsection (8).

I declare under penalty of perjury upon information and belief under the laws of the State of California that the foregoing is true and correct.

Dated: May 5, 2004
VJZ:srg

_____
Complainant

Exhibit C

# Exhibit C

PETITION FOR WRIT OF HABEAS CORPUS/POINTS AND AUTHORITIES

## DECLARATION OF PETITIONER IN SUPPORT OF PETITION

I, Curtis Henry Russ, declare:

1. I am the petitioner/defendant in the above entitled action. The following facts are a true account of the events which led to my arrest.

On February 25, 2004, around 5:30 p.m. I was driving home on SR 79, when I dozed off and my truck hit two vehicles stopped at the Country Glen Way intersection. I had no memory of the collision or events immediately preceding the collision.

I had smoked some methamphetamine at work around ten in the morning. After lunch I smoked marijuana. I left work around 3:00 p.m. and visited a friend until 5:00 p.m., when I started the drive home. I believe that I fell asleep while driving, as the effects of the methamphetamine wore off.

I admitted my responsibility at the scene of the accident and from that day have felt remorse and grief for the pain I have caused the Barnes and Westgard families.

I was aware of my addiction disease and had sought treatment in 2003.

2. The complaint accused me of gross vehicular manslaughter for the death of Ms. Barnes, and driving under the influence causing great bodily injury to Ms. Westgard. The Deputy District Attorney offered me a sentence of ten years and eight months if I would plead guilty to the two charges.

I rejected this offer because I did not believe the circumstances of the accident, in light of my remorse and lack of any prior criminal history,

*PETITION FOR WRIT OF HABEAS CORPUS/POINTS AND AUTHORITIES*

1

murder charge and that my best option was the deal. I do not believe that my attorney spent any time in advising me regarding my case.

8. I believe that the great bodily injury enhancement could have been questioned by my attorney, as I am informed and believe that Ms. Westgard did not suffer great bodily injury.

9. I was unfairly placed in a no win situation by the prosecutor's insistence from the start that I agree to plead guilty to two strike offenses, which would guarantee a life sentence if I were convicted of any felony in the future.

I was also unfairly intimidated by the prosecutor's decision to increase the charge to implied murder when I refused the first offer.

10. At all times, I admitted my responsibility for the death of Ms. Barnes and the injuries to Ms. Westgard. I believed that because of the nature of the offense, an unintentional act, when considered in light of mitigating factors, a sentence less than the aggravated maximum was justified. I am not filing this petition because I simply changed my mind. From the beginning of the bargaining process, I told my attorney I wanted to accept responsibility but that the proffered prison time was simply too harsh for the offense and my circumstances.

11. I believe that my attorney did not fight for me; that my attorney was simply interested in convincing me to plead guilty to end the matter for his convenience.

12. My will to resist pleading guilty was overcome by persistent pressure from my attorney, and from the unfair charges and the prosecutor's

*PETITION FOR WRIT OF HABEAS CORPUS/POINTS AND AUTHORITIES*

3

unwillingness to consider any lesser offenses than strike offenses, or less time.

13.   In order to avoid a longer prison sentence I was coerced to agree to a sentence not justified by the circumstances of the offense and offender.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 9, 2008

*Curtis H. Russ*

Curtis Henry Russ

# Exhibit D




# Charges

**Home**    Def. Status    Def. Info    **Charges**    Actions    Minutes    Probation    Case Report
**Fine Info**

**Defendant 1 of 1**

## Case SWF007249 Defendant 1007442 RUSS, CURTIS HENRI

| Arrest Charges | | | | | |
|---|---|---|---|---|---|
| Count | Charge | Severity | Description | Violation Date | Plea |
| 1 | PC 192(C)(3) | F | DUI:vehicular manslaughter without gross negligence | 02/25/2004 | |

| Filed Charges | | | | | |
|---|---|---|---|---|---|
| Count | Charge | Severity | Description | Violation Date | Plea |
| 1 | PC 187(A) | F | MURDER | 02/25/2004 | |
| 2 | PC 191.5(A) | F | DUI: gross vehicular manslaughter | 02/25/2004 | GUILTY |
| | Enhancement | | Description | | Plea |
| | VC 23558 | | Multiple Victims Injury/Death | | DENY |
| 3 | VC 23153(A) | F | DUI Bodily Injury | 02/25/2004 | GUILTY |
| | Enhancement | | Description | | Plea |
| | PC 1192.7(c)(8) | | Serious Felony/Used Firearm | | DENY |
| | PC 12022.7(a) | | Inflict Great Bodily Injury | | DENY |

| Certified Charges | | | | | |
|---|---|---|---|---|---|
| Count | Charge | Severity | Description | Violation Date | Plea |
| 1 | PC 187(A) | F | MURDER | 02/25/2004 | |
| 2 | PC 191.5(A) | F | DUI: gross vehicular manslaughter | 02/25/2004 | GUILTY |
| | Enhancement | | Description | | Plea |
| | VC 23558 | | Multiple Victims Injury/Death | | DENY |
| 3 | VC 23153(A) | F | DUI Bodily Injury | 02/25/2004 | GUILTY |
| | Enhancement | | Description | | Plea |
| | PC 1192.7(c)(8) | | Serious Felony/Used Firearm | | DENY |
| | PC 12022.7(a) | | Inflict Great Bodily Injury | | ADMIT |

 # Minutes 

**Home**    **Def. Status**    Def. Info    **Charges**    Actions    **Minutes**    Probation    **Case Report**
**Fine Info**

**Defendant 1 of 1**

**Action:** Sentencing - 09/01/2004

**Case SWF007249 Defendant 1007442 RUSS, CURTIS HENRI**

*Action:* Sentencing    **Date:** 09/01/2004    *Time:* 8:30 AM
                        *Division:* S201    *Hearing Status:* DISPOSED

HONORABLE JAMES T. WARREN PRESIDING.
CLERK: N. AGUIRRE
COURT REPORTER: D. WAGNER
PEOPLE REPRESENTED BY DEPUTY DISTRICT ATTORNEY V. ZUCKER.
DEFENDANT REPRESENTED BY PVT - D. LOUGH.
DEFENDANT PRESENT.
AT 10:11, THE FOLLOWING PROCEEDINGS WERE HELD:
COUNSEL STIPULATE: WAIVE COURT REPORTER WHEN DVD IS PLAYED.
COURT HAS READ AND CONSIDERED THE PROBATION OFFICER'S REPORT.
COURT ORDERS PROBATION CTS REPORT FILED.
CHRIS BARNES - VICTIMS HUSBAND PRESENT IN COURT
AND MAKES STATEMENT
AUDREY DEVINE PRESENT - MAKES STATEMENT TO COURT
DIANE DILL PRESENT - MAKES STATEMENT TO COURT
EDIE WEISKOTTEN PRESENT - MAKES STATEMENT TO COURT
CAMMIE DUDEK PRESENT - MAKES STATEMENT TO COURT
DEFENDANT CURTIS RUSS ADDRESSES COURT AND MAKES
STATEMENT.
DEFENDANT WAIVES ARRAIGNMENT FOR PRONOUNCEMENT OF JUDGMENT.
DEFENDANT REQUESTS IMMEDIATE SENTENCE.
NO LEGAL CAUSE WHY SENTENCE SHOULD NOT NOW BE PRONOUNCED.
FOR THE CHARGE(S) 2 3.
PROBATION IS DENIED AND SENTENCE IS IMPOSED AS FOLLOWS: (SENT)
AS TO COUNT(S) 2, THE COURT IMPOSES THE UPPER TERM OF 10 YEAR 0 MONTHS.
PRINCIPAL COUNT DEEMED TO BE COUNT 2.
AS TO COUNT 3, THE COURT IMPOSES 1/3 THE MID TERM OF 2 YEARS FOR A TOTAL OF 0 YEARS AND 8
MONTHS.
COUNT 3 TO RUN CONSECUTIVE TO COUNT 2.
AS TO ENHANCEMENT G1 IN COUNT 3, THE COURT IMPOSES 3 YEARS.
ENHANCEMENT G1 IN COUNT 3 TO RUN CONSECUTIVE TO SENTENCE IMPOSED IN COUNT 3.
SENTENCED TO STATE PRISON FOR A TOTAL TERM OF 13 YEARS AND 8 MONTHS.

COUNSEL STIPULATE: TO CREDIT TIME SERVED.

CREDIT FOR TIME SERVED OF 160 ACTUAL DAYS PLUS 24 DAYS PURSUANT TO 2933.1 PC FOR A TOTAL OF 184 DAYS.

REFERRED TO PROBATION DEPARTMENT FOR POST SENTENCE (TO BE FORWARDED TO DOC) REPORT.

DEFENDANT WAIVES COMMENT TO PROBATION. DISTRICT ATTORNEY'S OFFICE IS ORDERED TO PROVIDE CRIME REPORT TO THE CLERKS OFFICE FORTHWITH.

COURT REPORTER IS ORDERED TO PREPARE A TRANSCRIPT OF PROCEEDINGS.

PAY RESTITUTION FINE PURSUANT TO 1202.4(B) PC IN THE AMOUNT OF $2600.00 (PRISON)

PURSUANT TO SECTION 2085.5 PC, DEPARTMENT OF CORRECTIONS IS AUTHORIZED TO COLLECT RESTITUTION OBLIGATIONS.

ADDITIONAL PAROLE REVOCATION FINE IMPOSED PURSUANT TO 1202.45 PC IN THE AMOUNT OF $2600.00 SUSPENDED UNLESS PAROLE IS REVOKED. (PRISON)

COURT RESERVES JURISDICTION TO SET VICTIM RESTITUTION.

VICTIM RESTITUTION TO BE DETERMINED. FINANCIAL SERVICES TO FORWARD COURT'S FINDINGS TO DEPARTMENT OF CORRECTIONS.

PURSUANT TO SECTION 2085.5 PC, DEPARTMENT OF CORRECTIONS IS AUTHORIZED TO COLLECT RESTITUTION OBLIGATIONS.

DEFENDANT ADVISED OF PAROLE RIGHTS.

DEFENDANT ADVISED OF APPEAL RIGHTS.

SHERIFF TO DELIVER DEFENDANT TO CALIFORNIA DEPARTMENT OF CORRECTIONS AT SOUTHRECPT

COUNT(S) 1 DISMISSED IN THE INTEREST OF JUSTICE. (1385 PC)

COURT ORDERS ENHANCEMENT(S) MU IN COUNT 2 STRICKEN

COURT ORDERS ENHANCEMENT(S) BP IN COUNT 3 STRICKEN

REMAINS REMANDED TO CUSTODY OF RIVERSIDE SHERIFF.

**MINUTE ORDER OF COURT PROCEEDING**

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**Curtis Henry Russ**

James Yates

FILING FEE PAID
Yes ☐   No ☐

IFP MOTION FILED
Yes ☐   No ☐

COPIES SENT NO.

Court ProPed

**FILED**
APR 1 4 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Fresno
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Curtis Henry Russ
PO Box 8504
Coalinga, CA 93210
V-58848

ATTORNEYS (IF KNOWN)

**'08 CV 0679 DMS WMc**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question
                                  (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☒4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $   Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE   Docket Number

DATE   4/14/2008   SIGNATURE OF ATTORNEY OF RECORD

R Russel

CR